| Fill in this information to identify your case: |
|---|

United States Bankruptcy Court for the:
DISTRICT OF DELAWARE

Case number *(if known)* _____  Chapter **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Lucira Health, Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | **DiAssess Inc.** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **27-2491037** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business**<br><br>**1315 63rd St.**<br>**Emeryville, CA 94608**<br>Number, Street, City, State & ZIP Code<br><br>**Alameda**<br>County | **Mailing address, if different from principal place of business**<br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | https://www.lucirahealth.com | |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ | |

Debtor **Lucira Health, Inc.**  Case number (*if known*)
     Name

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
**3391**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply*:
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ☒ No.
- ☐ Yes.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☒ No
- ☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____  Relationship _____

District _____  When _____  Case number, if known _____

Debtor  **Lucira Health, Inc.**　　　　　　　　　　　　　　　　　　　　　　Case number (*if known*) _____
　　　　　Name

| | |
|---|---|
| **11. Why is the case filed in *this district*?** | *Check all that apply:*<br>☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes.　Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>　What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other<br>**Where is the property?** _____<br>　Number, Street, City, State & ZIP Code<br>**Is the property insured?**<br>☐ No<br>☐ Yes.　Insurance agency _____<br>　　　　　Contact name _____<br>　　　　　Phone _____ |

### Statistical and administrative information

| | | |
|---|---|---|
| **13. Debtor's estimation of available funds** | . | *Check one:*<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available to unsecured creditors. |
| **14. Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☒ 200-999 | ☐ 1,000-5,000　　　　　☐ 25,001-50,000<br>☐ 5001-10,000　　　　　☐ 50,001-100,000<br>☐ 10,001-25,000　　　　☐ More than 100,000 |
| **15. Estimated Assets** | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million　　　☐ $500,000,001 - $1 billion<br>☐ $10,000,001 - $50 million　　　☐ $1,000,000,001 - $10 billion<br>☐ $50,000,001 - $100 million　　☐ $10,000,000,001 - $50 billion<br>☒ $100,000,001 - $500 million　　☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million　　　☐ $500,000,001 - $1 billion<br>☐ $10,000,001 - $50 million　　　☐ $1,000,000,001 - $10 billion<br>☒ $50,000,001 - $100 million　　☐ $10,000,000,001 - $50 billion<br>☐ $100,000,001 - $500 million　　☐ More than $50 billion |

| Debtor | Lucira Health, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **02/22/2023**
   MM / DD / YYYY

X   **/s/ Richard Narido**              **Richard Narido**
   Signature of authorized representative of debtor       Printed name

Title   **Chief Financial Officer**

**18. Signature of attorney**

X   **/s/ Sean M. Beach**              Date  **02/22/2023**
   Signature of attorney for debtor              MM / DD / YYYY

**Sean M. Beach**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**1000 North King Street, Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **(302) 571-6600**     Email address  **sbeach@ycst.com**

**4070 DE**
Bar number and State

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUCIRA HEALTH, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-(_____) |

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy Under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-39976.

2. The following financial data is the latest available information and refers to the debtor's condition as of the dates noted in the comments below.

   a. Total assets                                                          $145,897,301
   
   b. Total debts (including debts listed in 2.c., below)                   $84,720,814
   
   c. Debt securities held by more than 500 holders:                        N/A
   
   d. Number of shares of preferred stock                                   N/A
   
   e. Number of shares of common stock                                      40,974,094

Comments, if any:    Total assets and total debts are listed as of December 31, 2022. Shares of issued and outstanding common stock are listed as of February 15, 2023.

3. Brief description of debtor's business: The above-captioned debtor and debtor in possession (the "Debtor") is a medical technology company with a mission to bring central laboratory quality testing for infectious diseases in the home and point of care settings. The Debtor has developed a testing platform that produces high-complexity-laboratory-accurate molecular testing in a single-use and user-friendly test kit.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: Eclipse Fund III LP

---

[1] The Debtor and the last four digits of its federal taxpayer identification number are: Lucira Health, Inc. (1037). The Debtor's mailing address is 1315 63rd St., Emeryville, CA 94608.

30102512.2

# ACTION BY UNANIMOUS WRITTEN CONSENT OF
# THE BOARD OF DIRECTORS
# OF
# LUCIRA HEALTH, INC.

The undersigned, constituting all of the members of the board of directors (the "***Board***") of **LUCIRA HEALTH, INC.** (f/k/a DiAssess Inc.), a Delaware corporation (the "***Company***"), hereby takes the following actions and adopts, approves, and consents to the following resolutions by written consent as of the date hereof:

**BANKRUPTCY FILING**

**WHEREAS**, management of the Company is vested in the Board pursuant to Article V section A of the Amended and Restated Certificate of Incorporation of Lucira Health, Inc., Article IV section 16 of the Amended and Restated Bylaws of Lucira Health, Inc., (the "***Bylaws***"), and section 141(a) of the General Corporation Law of the State of Delaware (the "***DGCL***");

**WHEREAS**, pursuant to Article IV section 23 of the Bylaws, the Board is authorized to take any action required or permitted by the DGCL without a meeting if all members of the Board, consent to the action in writing or by electronic transmission, and the written consents are filed with the minutes of proceedings of the Board;

**WHEREAS**, the Board has reviewed and considered the financial and operational condition of the Company, and the Company's business on the date hereof, including the assets of the Company, and current and long-term liabilities of the Company, and the recommendations of the Company's legal and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding for the Company under the provisions of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***");

**WHEREAS**, the Board has determined that it is in the best interests of the Company and the Company's stakeholders, creditors, and other interested parties to commence a case under the provisions of chapter 11 of the Bankruptcy Code, and the Board of the Company has consented to the filing of a voluntary petition under the provisions of chapter 11 of the Bankruptcy Code;

**NOW THEREFORE BE IT RESOLVED**, that the Company shall be, and hereby is, authorized and directed to file a voluntary petition (the "***Petition***") for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and it is further

**RESOLVED FURTHER**, that the form, terms and provisions of, the execution, delivery and filing of, and the performance of the transactions and obligations contemplated by the Petition be, and they hereby are, authorized, approved and adopted in all respects; and it is further

**RESOLVED FURTHER**, that any officer, director or other authorized person of the Company or any of their delegates (the "***Authorized Persons***") shall be, and each of them, acting alone, hereby is, authorized, directed, and empowered on behalf of and in the name of the Company (i) to execute, modify (as necessary or desirable), and verify the Petition and all documents ancillary thereto, and to cause such Petition and all documents ancillary thereto to be filed with the Bankruptcy Court commencing a chapter 11 case (the "***Bankruptcy Case***"), and (ii) to execute, modify (as necessary or desirable), verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or

documents necessary, appropriate or desirable in connection with the foregoing, with such changes, additions, and modifications thereto as the Authorized Person executing the same shall approve, such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof; and it is further

**RESOLVED FURTHER**, that each of the Authorized Persons of the Company or his, her, or their designees shall be, and each of them acting alone hereby is, authorized, directed and empowered, in the name of and on behalf of the Company, to pay all expenses, including advisors' fees and retainers, taxes, consent payments, indemnities, and filing fees, in each case as in such Authorized Person's judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein, with all of such payments to be conclusive evidence of such approval and that such Authorized Person deemed the same to be so necessary, appropriate or advisable; and it is further

**RESOLVED FURTHER**, that, in connection with the Bankruptcy Case, the Authorized Persons be, and each them hereby is, authorized and empowered, in the name and on behalf of the Company to employ and retain all assistance by legal counsel, accountants, financial advisers, investment bankers and other professionals, on behalf of the Company, that such Authorized Person deems necessary, appropriate or advisable in connection with, or in furtherance of, the Bankruptcy Case, with a view to the successful prosecution of the Bankruptcy Case; and it is further

**RESOLVED FURTHER**, that the law firm of Cooley LLP is hereby retained and employed as attorneys for the Company in the Bankruptcy Case; and it is further

**RESOLVED FURTHER**, that the law firm of Young Conaway Stargatt & Taylor, LLP is hereby retained and employed as attorneys for the Company in the Bankruptcy Case; and it is further

**RESOLVED FURTHER**, that Donlin, Recano & Company, Inc., is hereby retained and employed to represent and assist the Company as claims and noticing agent and administrative advisor in the Bankruptcy Case; and it is further

**RESOLVED FURTHER,** that Armanino LLP, is hereby retained and employed as financial advisers and investment bankers to the Company in the Bankruptcy Case; and it is further

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized and directed to employ any other professionals to assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Persons, with power of delegation, be, and each of them hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary; and it is further

**RESOLVED FURTHER**, that each of the aforementioned law firms, advisors, and other professionals retained by the Company is hereby authorized to take any and all actions necessary or desirable to advance the Company's rights and obligations and facilitate the commencement of the Bankruptcy Case; and it is further

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution

thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by the Company; and it is further

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, directed, and empowered, in the name of and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record and perform under such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of such Authorized Person shall be necessary, proper, and desirable to prosecute a successful completion of the Bankruptcy Case and to effectuate the restructuring or liquidation of the Company's debts, other obligations, organizational form and structure and ownership of the Company, all consistent with the foregoing resolutions, and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by such resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to take such actions and execute and deliver such documents as may be required or as such Authorized Person may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as such Authorized Person shall approve, the taking or execution thereof by such Authorized Person being conclusive evidence of the approval thereof by such Authorized Person and the Company; and it is further

**RESOLVED FURTHER**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of these resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified; and it is further

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized to bind the Company for the purposes of the resolutions herein; and it is further

**RESOLVED FURTHER**, that this unanimous written consent may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument, that facsimile, photostatic, Portable Document Format, or similar electronic copies of signatures to this unanimous written consent shall be deemed to be originals and may be relied on to the same extent as the originals, and that this unanimous written consent may be signed in any manner permitted by section 116 of the DGCL; and it is further

**RESOLVED FURTHER**, that this unanimous written consent shall be filed with the minutes of the proceedings of the Board, and the resolutions herein shall have the same force and effect as if they were adopted at a meeting at which the undersigned personally was present.

[**SIGNATURE PAGE FOLLOWS**]

3

This Action by Unanimous Written Consent shall be filed with the minutes of the proceedings of the Board of Directors of the Company and may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Counterparts may be delivered via facsimile, electronic mail (including pdf or any electronic signature complying with the U.S. federal ESIGN Act of 2000, Uniform Electronic Transactions Act or other applicable law) or other transmission method and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

**IN WITNESS WHEREOF**, the undersigned, constituting all of the members of the Board, hereby execute this action by unanimous written consent as of the last date set forth below.

*Erik T. Engelson*  
**ERIK T. ENGELSON**

Date: February 22, 2023

*Michael Wyse*  
**MICHAEL WYSE**

Date: February 22, 2023

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUCIRA HEALTH, INC.,[1] | Case No. 23-(_____) |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT PURSUANT
TO FED. R. BANKR. P. 1007(a)(1) and 7007.1**

Pursuant to Rule 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Lucira Health, Inc. (the "Debtor"), the debtor in the above-captioned chapter 11 case, hereby states that it is a publicly traded company. Provided below are the corporations, other than governmental units, that directly or indirectly own 10% or more of any class of Lucira Health Inc.'s equity interests.

| Holder | Address | Percentage of Equity Held |
|---|---|---|
| Eclipse Fund III LP | 514 High St, suite 4 Palo Alto, CA 94303 | 10.2% |

---

[1] The Debtor and the last four digits of its federal taxpayer identification number are: Lucira Health, Inc. (1037). The Debtor's mailing address for purposes of the chapter 11 case is 1315 63rd St. Emeryville, CA 94608.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LUCIRA HEALTH, INC.,[1] | Case No. 23-(_____) |
| Debtor. | |

The following is a list of the above-captioned debtor's equity security holders. This list has been prepared in accordance with Federal Rule of Bankruptcy Procedure 1007(a)(3) for filing in this chapter 11 case.

| Name | Address | Shares Held |
|---|---|---|
| 1998 SAUL/SMITH FAMILY TRUST | 2175 BRYANT STREET PALO ALTO, CA 94301 | 18,096 |
| AKF 2015 LLC | 9650 GATEWAY DR STE 200 RENO, NV 89523 | 28,307 |
| ALSOMI LLC | PO BOX 12021 JACKSON, WY 83002 | 69,916 |
| ASESORIAS ZENTYNEL LTDA | 1482 ZANARTU AVE NUNOA SANTIAGO, CHILE 7720272 | 36,197 |
| BERENSTEIN FAMILY GST EXEMPT 2009 TRUST | 520 WHITE PLAINS ROAD 3RD FLOOR TARRYTOWN, NY 10591 | 11,652 |
| BLUE DEVIL TRUST | 3070 PACIFIC AVE SAN FRANCISCO, CA 94115 | 146,385 |
| CEDE & CO | PO BOX 20 BOWLING GREEN STATION NEW YORK, NY 10004-1408 | 28,610,831 |
| CHARLENE ACATA FELTON | [REDACTED] | 2,049 |
| CRISTIAN MARTINEZ | [REDACTED] | 46 |
| DAN COHEN | [REDACTED] | 2,320 |
| DAN GEORGE | [REDACTED] | 28,653 |

---

[1] The Debtor and the last four digits of its federal taxpayer identification number are: Lucira Health, Inc. (1037). The Debtor's mailing address is 1315 63rd St., Emeryville, CA 94608.

30143530.1

| Name | Address | Shares Held |
|---|---|---|
| DANAHER INNOVATION CENTER LLC | 2200 PENNSYLVANIA AVENUE N W SUITE 800W WASHINGTON D.C. 20037 | 1,071,278 |
| DANIEL L LURIE | [REDACTED] | 46,378 |
| DAVID LAMOND | [REDACTED] | 125,281 |
| DEBKISHORE MITRA | [REDACTED] | 371,203 |
| DEBORAH DEAN | [REDACTED] | 9,280 |
| DEREK LEE | [REDACTED] | 2,320 |
| ECLIPSE FUND III L P | 514 HIGH STREET SUITE 4 PALO ALTO, CA 94303 | 4,183,986 |
| ECLIPSE VENTURES FUND I L P | 514 HIGH STREET SUITE 4 PALO ALTO, CA 94303 | 2,039,809 |
| EPIC PACIFIC LLC | 401 ENCINAL AVENUE MENLO PARK, CA 94025 | 240,559 |
| EUGENIA FUENTES | [REDACTED] | 371 |
| GORDON SAUL | [REDACTED] | 9,280 |
| IVAN K DIMOV | [REDACTED] | 278,402 |
| JASON ODERIO | [REDACTED] | 11,656 |
| JENNIFER BONE | [REDACTED] | 6,032 |
| JUSTIN WONG | [REDACTED] | 2,639 |
| KELLY LEWIS BREZOCZKY AND FLOYD C LEWIS | [REDACTED] | 23,231 |
| KENNETH MAHAFFEY | [REDACTED] | 5,814 |
| KIRAN SORATHIA | [REDACTED] | 1,082 |
| LAKE MIDAS LLC | 1484 POLLARD ROAD #264 LOS GATOS, CA 95032 | 11,656 |
| LINDA MOLYNEUX | [REDACTED] | 29,571 |
| MACARENA LOLAS | [REDACTED] | 2,436 |
| MAX MCGEE | [REDACTED] | 870 |

30143530.1

| Name | Address | Shares Held |
|---|---|---|
| MICHAEL MOTION | [REDACTED] | 2,320 |
| MILLENNIUM TRUST COMPANY CUSTODIAN FBO DENICOLOBIZ LLC | 9650 GATEWAY DR STE 200<br>RENO, NV 89523 | 107,362 |
| MILLENNIUM TRUST COMPANY CUSTODIAN FBO DREAMMOOR LLC | 9650 GATEWAY DR STE 200<br>RENO, NV 89523 | 85,523 |
| MILLENNIUM TRUST COMPANY CUSTODIAN FBO EXPANDING POTENTIAL LLC | 9650 GATEWAY DR STE 200<br>RENO, NV 89523 | 80,444 |
| MILLENNIUM TRUST COMPANY CUSTODIAN FBO FRANKLIN STREET HOLDINGS LLC | 9650 GATEWAY DR STE 200<br>RENO, NV 89523 | 21,494 |
| MILLENNIUM TRUST COMPANY CUSTODIAN FBO FRANKLIN STREET HOLDINGS LLC | 9650 GATEWAY DR STE 200<br>RENO, NV 89523 | 21,452 |
| MILLENNIUM TRUST COMPANY CUSTODIAN FBO LOMBARD STREET HOLDINGS LLC | 9650 GATEWAY DR STE 200<br>RENO, NV 89523 | 42,945 |
| PACIFIC PREMIER TRUST CUSTODIAN FBO ERIK ENGELSON IRA | PO BOX 981012<br>BOSTON, MA 2298 | 23,282 |
| PETER S BROWN | [REDACTED] | 9,307 |
| PRAM HOLDINGS LLC | 1 LOMBARD STREET STE 200<br>SAN FRANCISCO, CA 94111 | 100,007 |
| PRISCILA-GRACE GONZAGA | [REDACTED] | 7,225 |
| SANGEETA SARKAR | [REDACTED] | 3,974 |
| SERAPH DIASSESS LLC | 152 CANDLER DRIVE<br>DECATUR, GA 30030 | 1,228,195 |
| SERAPH INVESTMENTS II LLC | 2011 LENOX ROAD NE<br>ATLANTA, GA 30306 | 1,013,473 |
| SHARDULE SHAH | [REDACTED] | 11,911 |
| SNOWFALL INVESTMENTS LLC | 9650 GATEWAY DR STE 200<br>RENO, NV 89523 | 107,258 |

| Name | Address | Shares Held |
|---|---|---|
| SUNSTONE DIASSESS I LLC | 1 WORLD TRADE CENTER SUITE 1130 LONG BEACH, CA 90831 | 107,259 |
| SUNSTONE LUCIRA III LLC | 1 WORLD TRADE CENTER SUITE 1130 LONG BEACH, CA 90831 | 23,643 |
| SUNSTONE VENTURE CAPITAL FUND I LP | 1 WORLD TRADE CENTER SUITE 1130 LONG BEACH, CA 90831 | 138,445 |
| TAL SEGAL | [REDACTED] | 1,283 |
| TAMANNA PRASHAR | [REDACTED] | 103,691 |
| THE BOEDING FAMILY TRUST (ATTN CHAD BOEDING TRUSTEE) | 2842 FILBERT STREET SAN FRANCISCO, CA 94123 | 144,360 |
| THE ELISABETH NORTH KUECHLER ENGELSON TRUST DTD 1/17/2001 | 401 ENCINAL AVENUE MENLO PARK, CA 94025 | 46,400 |
| THERESA BRANDNER | [REDACTED] | 11,652 |
| THOMAS C SKALAK | [REDACTED] | 16,088 |
| TYLER GOLDMAN | [REDACTED] | 9,976 |
| UDAY BAHAL | [REDACTED] | 3,334 |
| WYNTOON PARTNERS LLC | 2842 FILBERT ST SAN FRANCISCO, CA 94123 | 74,205 |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | In re Lucira Health, Inc. |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (if known): | |

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral setoff | Unsecured Claim |
| 1 | **Nypro DR, LLC- Dominican Republic Branch** ITABO Industrial Park, Building 11 Haina San Cristobal 91000 Dominican Republic | Karen Allard 813-340-8539 karen_allard@jabil.com | Trade | | | | $15,972,651.41 |
| 2 | **International Point of Care, Inc.** 135 The West Mall, Unit 9 Toronto, ON M9C1C2 Canada | Vicki Scomazzon 416-847-2777 vscomazzon@ipocdx.com | Trade | | | | $2,733,388 |
| 3 | **Pegatron Corporation** No. 76, Ligong St., Beitou Dist. Taipei, Taiwan 11261 | Zoe Wu +886-2-8143-9001 #36978 zoe_wu@pegatroncorp.com | Trade | | | | $2,624,585 |
| 4 | **A.M.A Plastics Inc** 1100 Citrus Street, Riverside, CA 92507 | Stacy Donnelly (951) 547-5236 ar.riverside@westfall-technik.com | Trade | | | | $1,905,330 |
| 5 | **New England Biolabs** PO Box 3933 Boston, MA 2241 | (800) 632-5227 accountsreceivable@neb.com | Trade | | | | $1,654,414 |

Official form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims    page 1

30119995.4

Debtor    **Lucira Health, Inc.**                                        Case number *(if known)*
       Name

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral setoff | Unsecured Claim |
| 6 | **Biosearch Technologies, Inc.** 2199 South McDowell Blvd Petaluma, CA 94954 | Windarsih Sas (213) 599-6010 pet.ar@lgcgroup.com | Trade | | | | $1,594,927 |
| 7 | **Calvary Robotics** 855 Publishers Pkwy, New York, NY 14580 | Karen Harrison 585-347-6127 ext. 319 kharrison@calvaryrobotics.com | Trade | | | | $1,466,257 |
| 8 | **Norwalt Design** 961 rt. 10 East Randolph, NJ 07869 | Donna Collura 973-927-3200 x1200 donna@norwalt.com | Trade | | | | $1,115,980 |
| 9 | **Campbell Wrapper Corp** 1415 Fortune Ave De Pere, WI 54115 | Julie Wolfinger (715) 607-0432 Julie.Wolfinger@CampbellWrapper.com | Trade | | | | $881,355 |
| 10 | **Promega Corporation** P.O. Box 689768 Chicago, IL 60695-9768 | Ellyn Barrett 608-274-4330 Ellyn.barrett@promega.com | Trade | | | | $865,693 |
| 11 | **Jabil Circuit (Shanghai) Co. Ltd.** NO 600 Tian Lin Road Shanghai China | Sunny Chen 86-021-33957712 jingjing_shi@jabil.com | Trade | | | | $741,888 |
| 12 | **Integrated DNA Technologies, Inc.** 25104 Network Place, Chicago, IL 60673-1251 | Amy Haag 877-569-0132 accountsreceivable@idtdna.com | Trade | | | | $633,072 |
| 13 | **Dignity-GoHealth Urgent Care, LLC** P.O. Box 741051 Los Angeles, CA 90074-1051 | A'sha Lenon asha.lenon@gohealthuc.com | Professional Services | | | | $613,194 |
| 14 | **Plitek, LLC** 69 Rawls Road Des Plaines, IL 60018 | Samantha Bucaro 847.827.6680   ext. 230 samantha.bucaro@plitek.com | Trade | | | | $544,023 |

Debtor    **Lucira Health, Inc.**　　　　　　　　　　　　　　　　　　　　　　　　Case number *(if known)*
　　　　　Name

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral setoff | Unsecured Claim |
| 15 | Actalent, Inc.  3689 Collection Ctr. Dr.  Chicago, IL 60693 | Jen Douglas  480-758-3733  jedougla@allegisgroup.com | Professional Services | | | | $504,140 |
| 16 | Tecan US, Inc.  9401 Globre Center Drive  Morrisville, NC 27560 | Joe Fischer  (919) 572-5405  Joe.fischer@tecan.com | Trade | | | | $460,660 |
| 17 | MicroGroup, Inc.  7 Industrial Park Rd  Medway, MA 02053 | Alonso Castro  (508) 533-4925 ext. 221  7 Industrial Park Rd | Trade | | | | $451,645 |
| 18 | DWFritz Automation, Inc.  9600 Boeckman Road  Wilsonville, OR 97070 | Kelly McCord  (503) 885-1587  KMcCord@dwfritz.com | Trade | | | | $385,435 |
| 19 | Essex Technology Group, Inc.  P.O. Box 79928  Baltimore, MD 21279-0928 | Olga Rusakova  201-291-5124  orusakova-srvc@essextec.com | Professional Services-Website and Lucira Connect Platform design | | | | $313,340 |
| 20 | Bluebird Express, LLC  145  Hook Creek Blvd., Bldg C2  Valley Stream, NY 11581 | James Gillett  516-255-0800  accounting@bluexps.com | Trade | | | | $310,504 |
| 21 | Real Staffing Group  909 Fannin St.  Houston, TX 77010 | Gareth Jonathan  (832) 900-5900  g.jonathan@three.com | Professional Services | | | | $310,442 |
| 22 | Edgewater Automation LLC  481 Renaissance Drive  St. Joseph, MI 49085 | Paige Vargas  269-983-1300  accounting.mi@edgewaterautomation.com | Trade | | | | $286,896 |
| 23 | Avnet Inc.  PO Box 100340  Pasadena, CA 91189 | ALLEN REBELLON  (469) 498-6258  allen.rebellon@avnet.com | Trade | | | | $242,400 |
| 24 | Techflex Packaging LLC  13771 Gramercy Place  Gardena, CA 90249 | Carlos Mercado  (310) 493-3629  cmercado@tfpack.com | Trade | | | | $238,883 |

Debtor   **Lucira Health, Inc.**                                    Case number *(if known)*
         Name

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral setoff | Unsecured Claim |
| 25 | **ECENTA America Inc.** 325 North St. Paul Street, #2825 Dallas, TX 75201 | Alicia Campos (425) 241-7440 alicia.campos@ecenta.com | Trade | | | | $222,565 |
| 26 | **Oxford Global Resources, LLC** P.O. Box 3256 Boston, MA 02241-3256 | Sandra Jackson 978-538-1761 epayments@oxfordcorp.com | Professional Services | | | | $197,953 |
| 27 | **Tata Consultancy Services Ltd** NIRMAL BUILDING 9TH FLOOR NARIMAN POINT MUMBAI, MAHARASHTRA 400021 INDIA | Aswinikumar Varshapally -9966668239 aswinikumar.v@tcs.com | Professional Services | | | | $177,192 |
| 28 | **Aeronet Worldwide, Inc.** 42 Corporate Park Irvine, CA 92606 | Stephanie G. Ancheta 949-474-3000 ext 332 sguerrero@aeronet.com | Trade | | | | $168,164 |
| 29 | **The Regents of the University of California** P.O. Box 748872 Los Angeles, CA 90074-4872 | Jennifer Hunter 415-476-1462 CGACollections@ucsf.edu | Trade | | | | $167,076 |
| 30 | **Definitive Healthcare, LLC** 550 Cochituate road Unit 4 Framingham, MA 01701 | Sam Cogliandro 888-307-4107 billing@definitivehc.com | Professional Services | | | | $165,000 |

4888-6827-9111v.1

Official form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims    page 4

30119995.4

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Lucira Health, Inc.** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration   **Corporate Ownership Statement and List of Equity Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **02/22/2023**     X   */s/ Richard Narido*
                                    Signature of individual signing on behalf of debtor

                                    Richard Narido
                                    Printed name

                                    Chief Financial Officer
                                    Position or relationship to debtor