IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LUCIRA HEALTH, INC.,[1] | Case No. 23-10242 (MFW) |
| Debtor. | |
| | Docket Ref. No. 8 |

**INTERIM ORDER (I) AUTHORIZING PAYMENT OF CLAIMS FOR
GOODS ORDERED PREPETITION AND DELIVERED POSTPETITION,
(II) AUTHORIZING PAYMENT OF CERTAIN PREPETITION SHIPPING,
WAREHOUSING, DELIVERY, AND CUSTOMS CHARGES, AND
(III) AUTHORIZING BANK TO HONOR ALL RELATED CHECKS AND
ELECTRONIC PAYMENT REQUESTS**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Interim Order"), pursuant to sections 105(a), 363(b), 503, 1107(a), and 1108 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing, but not directing, the Debtor to pay (a) claims for goods ordered prepetition that are to be delivered postpetition and (b) certain prepetition claims for shipping, freight forwarding, warehousing, lien claimants, and customs duties, (ii) authorizing the Debtor's Bank to honor all related checks and electronic payment requests; and upon the First Day Declaration; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1] The Debtor and the last four digits of its taxpayer identification number are: Lucira Health, Inc. (1037). The Debtor's mailing address is 1315 63rd St., Emeryville, CA 94608.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

30145669.3

and this Court having determined that venue of the Chapter 11 Case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and proper and adequate notice of the Motion and the hearing thereon having been given; and it appearing that no other or further notice being necessary; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. All undisputed obligations relating to the postpetition receipt of goods under the Outstanding Orders are granted administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

3. The Debtor is authorized, but not directed, to pay all undisputed amounts relating to Outstanding Orders in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date.

4. The Debtor is authorized, but not directed, to modify certain payment terms with Transporters in its reasonable business judgment, including to provide advance or prepayment amounts, as it determines is necessary and appropriate.

5. Pending entry of a final order, the Debtor is authorized, but not directed, to pay the prepetition Transporter Claims in the ordinary course of business up to an aggregate amount of $1,000,000 as the Debtor, in its business judgment, determines is necessary and appropriate.

6.  The Bank is authorized, but not directed, when requested by the Debtor, in the Debtor's discretion, to honor and process all checks and electronic payment requests drawn on the Debtor's bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or electronic payment requests were submitted prior to, or after, the Petition Date, *provided*, that sufficient funds are available in the applicable bank accounts to make such payments.  The Bank is authorized, but not directed, to rely on the representations of the Debtor with respect to whether any checks or electronic payment requests drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this Interim Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtor, as provided for in this Interim Order.

7.  The Debtor shall be and hereby is authorized to issue in its sole discretion new postpetition checks or effect new postpetition fund transfers to pay the Transporter Claims to replace any prepetition check or fund transfer requests that may be dishonored or rejected.

8.  Nothing in the Motion or this Interim Order shall impair the Debtor's or any other party's ability to contest, without prejudice, in each party's sole discretion, the validity and amounts of the Outstanding Orders or the Transporter Claims.

9.  Nothing in the Motion or this Interim Order provides or shall be deemed to provide that any lien (contractual, common law, statutory, or otherwise) securing a claim that is paid pursuant to this Interim Order constitutes a valid enforceable lien, and the Debtor's rights to contest the extent, validity, perfection, or possible avoidance of any such liens, and to recoup for the Debtor's estate any amounts paid on account of the Transporter Claims to the extent the validity or perfection of such liens are later successfully contested or such liens are later avoided, are fully reserved.

30145669.3

10. Nothing herein shall be deemed to constitute the postpetition assumption of any executory contract or prepetition agreement between the Debtor and any Transporter, and nothing herein shall change the nature and priority of the underlying claims held by the Transporters.

11. Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor and its estate, (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to the validity, priority, or amount of any claim, (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to any and all claims or causes of action it may have, or (iv) shall be construed as a promise to pay a claim.

12. Objections to entry of an order granting the Motion on a final basis must be filed by March 16, 2023 at 4:00 p.m. (ET) and served on: (i) proposed counsel to the Debtor: (a) Cooley LLP, 3 Embarcadero Center, 20th Floor, San Francisco, CA 94111, Attn: Robert L. Eisenbach III (reisenbach@cooley.com), and 1299 Pennsylvania Avenue, NW Suite 700, Washington, DC 20004-2400, Attn: Cullen Drescher Speckhart (cspeckhart@cooley.com) and Olya Antle (oantle@cooley.com), and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Sean M. Beach (sbeach@ycst.com), Ashley E. Jacobs (ajacobs@ycst.com), Joshua B. Brooks (jbrooks@ycst.com), and Timothy R. Powell (tpowell@ycst.com); (ii) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn: Joseph Cudia (joseph.cudia@usdoj.gov); and counsel to any statutory committee appointed in the Chapter 11 Case. A final hearing, if

required, on the Motion will be held on March 23, 2023 at 2:00 p.m. (ET).  If no objections are filed to the Motion, this Court may enter a final order without further notice or hearing.

13. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

14. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor.

15. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Interim Order shall be immediately effective and enforceable upon its entry.

16. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Interim Order.

Dated: February 24th, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

30145669.3

5