IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LUCIRA HEALTH, INC.,[1]<br><br>　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 23-10242 (MFW)<br><br>**Docket Ref. No. 10** |

### INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE PREPETITION INSURANCE POLICIES AND (B) PAY ALL PREPETITION OBLIGATIONS IN RESPECT THEREOF AND (II) AUTHORIZING BANK TO HONOR RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Interim Order"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing the Debtor to (a) continue to maintain and administer the Policies and revise, extend, renew, supplement, or change the Policies, as needed, in the ordinary course of business and consistent with the Debtor's past practices or as necessary in the Debtor's business judgment (including through obtaining "tail" coverage), (b) pay or honor all obligations arising under or in connection with the Policies in the ordinary course of business and consistent with the Debtor's past practices, and (c) continue its insurance premium financing program and renew or enter into new premium financing agreements, as necessary, under substantially similar terms, and (ii) authorizing the Bank to honor and process related checks and electronic payment requests; and upon the First Day Declaration; and upon consideration of the First Day Declaration; and this

---

[1] The Debtor and the last four digits of its taxpayer identification number are: Lucira Health, Inc. (1037). The Debtor's mailing address is 1315 63rd St., Emeryville, CA 94608.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that venue of the Chapter 11 Case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and proper and adequate notice of the Motion and the hearing thereon having been given; and it appearing that no other or further notice being necessary; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtor is authorized, but not directed, to (i) continue to maintain and perform under its Insurance Program, and (ii) revise, extend, renew, supplement, or change the Policies or enter into new policies (including through obtaining "tail" coverage), if necessary, in the ordinary course of business consistent with the Debtor's past practices, *provided, however*, that the Debtor shall provide notice of any such modifications to, or cancellation of, their existing insurance coverage to the U.S. Trustee and any official committee appointed in the Chapter 11 cases within ten (10) days of the effective date of such modification/cancellation.

3. The Debtor is authorized, but not directed, (i) to continue honoring, in the ordinary course of business consistent with the Debtor's past practices, the Financing Agreement and to renew or enter into new financing agreements as the terms of the existing arrangement

expires, without further order of this Court, and (ii) to pay its regular monthly installment payments under the Financing Agreement as the same become due in the ordinary course of business consistent with the Debtor's past practices.

4. The Debtor is authorized, but not directed, in its discretion, to pay, honor, or otherwise satisfy premiums, claims, deductibles, retentions, retrospective adjustments, administrative fees, broker fees, and any other obligations that were due and payable or related to the period prior to the Petition Date on account of the Insurance Program, subject to an aggregate maximum of $60,000 on an interim basis, prior to entry of a final order on the Motion.

5. The Bank is authorized, but not directed, when requested by the Debtor, in the Debtor's discretion, to honor and process all checks and electronic payment requests drawn on the Debtor's bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or electronic payment requests were submitted prior to, or after, the Petition Date, *provided*, that sufficient funds are available in the applicable bank accounts to make such payments. The Bank is authorized, but not directed, to rely on the representations of the Debtor with respect to whether any checks or electronic payment requests drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this Interim Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtor, as provided for in this Interim Order.

6. The Debtor is authorized to issue postpetition checks, or to effect postpetition electronic fund transfer requests, in replacement of any checks or electronic payment requests that are dishonored as a consequence of the Chapter 11 Case with respect to payments authorized to be made pursuant to this Interim Order.

7. Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor and its estate, (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to the validity, priority, or amount of any claim, (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to any and all claims or causes of action against any Insurance Carrier, or (iv) shall be construed as a promise to pay a claim.

8. Objections to entry of an order granting the Motion on a final basis must be filed by March 16, 2023 at 4:00 p.m. (ET) and served on: (i) proposed counsel to the Debtor: (a) Cooley LLP, 3 Embarcadero Center, 20th Floor, San Francisco, CA 94111, Attn: Robert L. Eisenbach III (reisenbach@cooley.com), and 1299 Pennsylvania Avenue, NW Suite 700, Washington, DC 20004-2400, Attn: Cullen Drescher Speckhart (cspeckhart@cooley.com) and Olya Antle (oantle@cooley.com), and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Sean M. Beach (sbeach@ycst.com), Ashley E. Jacobs (ajacobs@ycst.com), Joshua B. Brooks (jbrooks@ycst.com), and Timothy R. Powell (tpowell@ycst.com); (ii) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn: Joseph Cudia (joseph.cudia@usdoj.gov); and counsel to any statutory committee appointed in the Chapter 11 Case. A final hearing, if required, on the Motion will be held on March 23, 2023 at 2:00 p.m. (ET). If no objections are filed to the Motion, this Court may enter a final order without further notice or hearing.

9. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

10. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor.

11. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Interim Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Interim Order.

Dated: February 24th, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

5