IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LUCIRA HEALTH, INC.,[1] | Case No. 23-10242 (MFW) |
| Debtor. | Ref. Docket No. 13 |

**INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 362(a)(3),
AND 541 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3001,
ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING
IN, OR CERTAIN CLAIMS OF WORTHLESSNESS WITH RESPECT
TO, EQUITY SECURITIES IN LUCIRA HEALTH, INC.**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for the entry of interim and final orders, pursuant to sections 105, 362(a)(3) and 541 of the Bankruptcy Code and Bankruptcy Rule 3001, establishing notice and hearing procedures that must be satisfied before certain transfers of, or certain claims of worthlessness for federal or state tax purposes with respect to, equity securities in Lucira Health, Inc. ("Lucira"), including Options to acquire such securities, as defined below, or of any beneficial interest therein, are deemed effective; and upon consideration of the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may

---

[1] The Debtor and the last four digits of its federal taxpayer identification number are: Lucira Health, Inc. (1037). The Debtor's mailing address is 1315 63rd St., Emeryville, CA 94608.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

30148447.2

enter a final order herewith consistent with Article III of the U.S. Constitution; and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested by the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. Any purchase, sale, or other transfer of, or certain claims of worthlessness with respect to, equity securities (including Options to acquire such securities, as defined below) in Lucira on or after the Petition Date in violation of the procedures set forth herein (including the notice requirements set forth in paragraph 3(a) below) shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

3. The following procedures shall apply to trading in equity securities (including Options to acquire such securities, as defined below) in Lucira:

    (a) Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a Substantial Shareholder (as defined in subparagraph (e) below) shall file with this Court, and serve on the counsel to the Debtor, a notice of such status, in the form attached to the Motion as Exhibit A-1, on or before the later of (i) twenty (20) calendar days of the service of Notice of Interim Order (as defined in paragraph 6 below) and (ii) fourteen (14) calendar days after becoming a Substantial Shareholder.

    (b) At least fourteen (14) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Lucira Stock (as defined below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with this Court, and serve on counsel to the Debtor, advance written notice, in the form attached to the Motion as Exhibit A-2,

of the intended transfer of equity securities (including Options to acquire such securities, as defined below).

(c) At least fourteen (14) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of Lucira Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtor, advance written notice, in the form attached to the Motion as Exhibit A-3, of the intended transfer of equity securities (including Options to acquire such securities, as defined below) (the notices required to be filed and served under subparagraphs (c) and (d), each a "Notice of Proposed Transfer").

(d) The Debtor shall have seven (7) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to the proposed transfer of equity securities (including Options to acquire such securities, as defined below) described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtor's ability to utilize the Tax Attributes. During such 7-day period, and while any objection by the Debtor (or any other party in interest) to the proposed transfer is pending, such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtor does not object within such 7-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this subparagraph (d) must be the subject of additional notices as set forth herein, with an additional 14-day waiting period.

(e) For purposes of this Interim Order, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of February 15, 2023, approximately 1,843,834 shares[3]) of the common stock of Lucira ("Lucira Stock"), and (B) "Beneficial Ownership" or any variation thereof of Lucira Stock and Options to acquire Lucira Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would

---

[3] Based on approximately 40,974,094 shares of Lucira Stock issued and outstanding as of February 15, 2023.

30148447.2

     be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Lucira Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).  An "<u>Option</u>" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

4.     The following procedures shall apply to claims for tax purposes that shares of Lucira's equity securities (including Options to acquire such securities) are worthless:

    (a)    Any worthless stock deduction claim with respect to equity securities (including Options to acquire such securities) in Lucira on or after the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

    (b)    Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a 50% Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtor, a notice of such status, in the form attached to the Motion as Exhibit A-4, on or before the later of (i) twenty (20) calendar days after the date of the service of Notice of Interim Order (as defined in paragraph 6 below) and (ii) fourteen (14) calendar days after becoming a 50% Shareholder.

    (c)    At least fourteen (14) days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the equity securities (or Options to acquire such securities) in Lucira, for a tax year ending before the Debtor's emergence from chapter 11 protection, such 50% Shareholder shall file with the Court, and serve on counsel to the Debtor, an advance written notice, in the form attached to the Motion as Exhibit A-5 (a "<u>Notice of Intent to Claim a Worthless Stock Deduction</u>") of the intended claim of worthlessness.

    (d)    The Debtor will have seven (7) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtor's ability to utilize the Tax Attributes.  During such 7-day period, and while any objection by the Debtor (or any other party in interest) to the proposed claim is pending, such 50% Shareholder shall not claim, or cause

    to be claimed, the proposed worthless stock deduction to which the Notice of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtor does not object within such 7-day period, the filing of the tax return with such claim would be permitted only as set forth in the Notice of Intent to Claim a Worthless Stock Deduction.  Additional tax returns or amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 14-day waiting period.

  (e)  For purposes of these procedures, (A) a "50% Shareholder" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Lucira (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "Beneficial Ownership" or any variation thereof of Lucira Stock and Options to acquire Lucira Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Lucira Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d).

  5.  The Debtor may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Interim Order; *provided, however*, the Debtor shall provide notice of any such waiver to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") in writing within three (3) business days thereafter.

  6.  The Debtor shall serve the Notice of Interim Order setting forth the procedures authorized herein substantially in the form attached to the Motion as Exhibit A-6 ("Notice of Interim Order") on:  (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the holders of the thirty (30) largest unsecured claims on a consolidated basis against the Debtor; (v) all Nominees that hold Lucira Stock in "street name" for the beneficial holders of the Lucira Stock (with instructions to

30148447.2

serve down to the beneficial holder level) as applicable; (vi) the transfer agent(s) for the Lucira Stock, as applicable; and (vii) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

7. Upon receipt of the Notice of Interim Order, the Nominees shall serve the Notice of Interim Order to any beneficial holders by no later than five (5) business days after being served with the Notice of Interim Order. Additionally, any person or entity (or broker or agent acting on its behalf) who sells at least 4.5% of all issued and outstanding shares of Lucira Stock (or an Option with respect thereto) to another person or entity shall be required to provide the Notice of Interim Order to such purchaser or any broker or agent acting on its behalf of such Lucira Stock (or an Option with respect thereto), to the extent reasonably feasible (unless the Court has entered the Final Order). If at the time of purchase, this Court has entered the Final Order, any person or entity, or broker or agent acting on its behalf, who sells at least 4.5% of all issued and outstanding shares of Lucira Stock (or an Option with respect thereto) to another person or entity shall provide the purchaser (or its agent) with the Notice of Final Order pursuant to the terms of the Final Order.

8. For the avoidance of doubt, any holder of Lucira Stock that holds Lucira Stock (or an Option with respect thereto) in an amount in excess of 4.5% of all the issued and outstanding shares (or an Option with respect thereto) on behalf of another person or entity is required to provide the Notice of Interim Order to such person or entity with instructions to forward the Notice of Interim Order down the chain of ownership to the ultimate beneficial holders of the Lucira Stock (or an Option with respect thereto) holding an amount in excess of 4.5% of all issued and outstanding shares.

9. The requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws, and do not excuse compliance therewith.

10. Objections to entry of an order granting the Motion on a final basis must be filed by March 16, 2023 at 4:00 p.m. (ET) and served on: (i) proposed counsel to the Debtor: (a) Cooley LLP, 3 Embarcadero Center, 20th Floor, San Francisco, CA 94111, Attn: Robert L. Eisenbach III (reisenbach@cooley.com), and 1299 Pennsylvania Avenue, NW, Suite 700, Washington, DC 20004, Attn: Cullen Drescher Speckhart (cspeckhart@cooley.com) and Olya Antle (oantle@cooley.com); and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Sean M. Beach (sbeach@ycst.com), Ashley E. Jacobs (ajacobs@ycst.com), Joshua B. Brooks (jbrooks@ycst.com), and Timothy R. Powell (tpowell@ycst.com); (ii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn: Joseph Cudia (joseph.cudia@usdoj.gov); and (iii) counsel to any statutory committee appointed in the Chapter 11 Case. A final hearing, if required, on the Motion will be held on March 23, 2023 at 2:00 p.m. (ET). If no objections are filed to the Motion, this Court may enter a final order without further notice or hearing.

11. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

12. The requirements of Bankruptcy Rule 6003(b) are satisfied.

13. The requirements of Bankruptcy Rule 6004(a) are waived.

14. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Interim Order.

Dated: February 24th, 2023
Wilmington, Delaware

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

30148447.2